The Honorable David Chambers Prosecuting Attorney Tenth Judicial District 101 North Main Post Office Box 178 Monticello, AR 71655
Dear Mr. Chambers:
You have requested an Attorney General's opinion concerning the disposition of certain fines. You describe a factual scenario in which a city officer issues a ticket to a defendant for DWI (or any state violation). The case is tried in municipal court, and the defendant is found guilty and fined. The defendant appeals the case to circuit court, and the deputy prosecuting attorney handles the appeal (answering discovery, subpoenaing witnesses, etc.). The case is called for trial, but the defendant decides to change his plea to guilty. A DWI judgment and commitment is entered in circuit court.
With regard to the above-stated factual scenario, you have presented the following question:
 What is the correct disposition of the fine money? (Should it go to the county or to the city?)
It is my opinion that the answer to this question will depend upon whether the offense was committed inside the city limits or outside the city limits. If the offense was committed inside the city limits, the fine[1] money should be paid into the city treasury. If the offense was committed outside the city limits, the fine money should be paid into the county treasury.
The disposition of fines imposed (or affirmed) on appeal to circuit court is governed initially by A.C.A. § 16-96-403. That statute states:
 The fines, penalties, forfeitures, and costs imposed by the circuit court for offenses which are misdemeanors or violations under state law or local ordinance or for traffic offenses which are misdemeanors or violations under state law or local ordinance, in cases appealed from the municipal, city or police courts of this state, shall be collected and disbursed in the following manner:
 (1) If the appeal proceeds to a de novo bench trial or jury trial, the fines, penalties, forfeitures and costs imposed by the circuit court shall be collected by the sheriff and paid to the county treasurer;
 (2) If the defendant pleads guilty or nolo contendere or the circuit court dismisses the appeal, the judgment of the municipal, city or police court shall be affirmed;
 (i) The circuit court clerk shall, within thirty (30) days, of the affirmance or dismissal, notify in writing the municipal, city or police court from which the appeal originated, of the affirmance or dismissal;
 (ii) Upon receipt of the notice of affirmance or dismissal, the municipal, city or police court shall collect and disburse the fines, penalties, forfeitures and costs pursuant to § 16-17-707.
 (3) Nothing in this section shall affect the right of municipal, city or police courts to require a supersedeas bond for an appeal to circuit court nor the ability of these courts to collect any fine, penalty, forfeiture or costs imposed in the absence of a supersedeas bond.
A.C.A. § 16-96-403.
An initial issue that must be addressed in connection with the above-quoted statute is whether a case in which a defendant changes his plea to guilty after discovery has been conducted and the case has been called for trial would be governed by the provisions of Paragraph (1), above. In other words, is this case one that has "proceed[ed] to a de novo bench trial or jury trial," within the meaning of the statute? It is my opinion that it has not, and that such a case would be governed instead by Paragraph (2), above. I base this conclusion on the fact that Paragraph 2 does not place limitations on the time frame in which the defendant must plead guilty in order for that provision to apply. Indeed, it is likely that in most cases that are appealed from municipal court to circuit court, the defendant will not be disposed to pleading guilty, and will be unlikely to do so until such time as it becomes clear that a trial will lead to a less desirable outcome for him. This is unlikely to happen until after trial preparation has been completed and, in many cases, until the trial has actually been called. It is my opinion that even in those cases, the fine money should be disbursed in accordance with Paragraph 2, above, which applies when a defendant pleads guilty. I realize that the application of Paragraph 2 could lead to the result that the city may receive fine money from a case in which a county employee has invested considerable work. Although this result may seem unfair, it is nevertheless the apparent intent of the statute.
Having determined that the type of case about which you have inquired are governed by Paragraph (2) of A.C.A. § 16-96-403, it is next necessary to examine the provisions of A.C.A. § 16-17-707, which directs the disbursement of fines imposed upon a defendant who pleads guilty on appeal to circuit court. That statute requires the municipal court to keep three separate accounts of all fines, penalties, forfeitures, fees, and costs. The first account consists of sums collected for violations of city ordinance or state law that occurred inside the city limits, in situations where the arresting officer was a city law enforcement officer or a state police officer. The second account consists of sums collected for violations of state law that occurred outside the city limits, in situations where the arresting officer was not a city officer. The second account also includes sums collected in any other criminal proceeding not specifically enumerated by the A.C.A. § 16-17-707. The third account consists of the total of all sums collected in all cases. After identifying these three accounts, the statute (A.C.A. § 16-17-707) goes on to direct the manner in which the funds in the first two accounts are to be disbursed:
 (c) After deducting the fees and costs due the sheriff and constables, the municipal court shall pay into the city treasury all sums arising from the first class of accounts, and he shall pay all sums arising out of the second class of accounts into the county treasury.
A.C.A. § 16-17-707(c).
If the offense out of which your question arises occurred inside the city limits, the fine collected in that case should be placed in the first account described in A.C.A. § 16-17-707. More specifically, the fine would be one collected for a violation of state law that occurred within the city limits where the arresting officer was a city law enforcement officer. Because this fine would be appropriately placed in the first account, it should be paid into the city treasury, pursuant to A.C.A. §16-17-707(c).
If, however, the offense occurred outside the city limits, the fine collected in that case should be placed in the second account described in A.C.A. § 16-17-707. More specifically, the situation would constitute a criminal matter not specifically enumerated in A.C.A. § 16-17-707. This is so because A.C.A. § 16-17-707 does not describe a situation in which the offense occurred outside the city limits but the arresting officer was a city law enforcement officer. Because the second account includes sums collected in situations not specifically enumerated, the fine collected in this situation should be placed in the second account if the offense occurred outside the city limits. In that scenario, A.C.A. §16-17-707(c) requires that the fine be paid into the county treasury.
Finally, I must note that the conclusions that I have reached in this opinion apply only under the version of the law that has been in effect since 1997 (A.C.A. § 16-96-403, as amended by Acts 1997, No. 788, § 24; No. 1341, § 24). Disbursement under previous versions of this statute appeared to turn on whether the violation was a violation of city ordinance or of state law. These previous versions of the statute did not address the manner in which fines were to be disbursed in cases arising out of violations of state law that were appealed to circuit court, and in which the defendant pleaded guilty. Because of the silence of state law on this issue, disbursements that were made in such cases under previous law will be difficult to challenge.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh
cc: Teresa A. French
Deputy Prosecuting Attorney
[1] This opinion does not address the disposition of court costs and filing fees.